UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| EDWARD H., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of the Social Security Administration, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION DENYING DISABILITY BENEFITS** <br><br> Case No. 1:23-cv-00016 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Edward H.[1] brought this action for judicial review of the denial of his application for disability insurance benefits and supplemental security income by the Commissioner of the Social Security Administration.[2] The Administrative Law Judge ("ALJ") who addressed Mr. H.'s application determined he did not qualify as disabled.[3] Mr. H. argues the ALJ erred by failing to include certain limitations in the mental residual functional capacity determination.[4] Because the record shows the ALJ applied the correct legal standards and his findings are supported by substantial evidence, the Commissioner's decision is affirmed.[5]

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including social security cases, the plaintiff is referred to by his first name and last initial only.

[2] (*See* Compl., Doc. No. 2); *see also* 42 U.S.C. §§ 401–434, 1381–1385.

[3] (Certified Tr. of Admin. R. ("Tr.") 15–50, Doc. No. 8.)

[4] (*See* Opening Br. 8, Doc. No. 11.)

[5] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. No. 7.)

1

STANDARD OF REVIEW

Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code provide for judicial review of the Commissioner's final decision. This court reviews the ALJ's decision to determine whether substantial evidence supports his factual findings and whether he applied the correct legal standards.[6] "[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."[7]

An ALJ's factual findings are "conclusive if supported by substantial evidence."[8] Although the evidentiary sufficiency threshold for substantial evidence is "not high," it is "more than a mere scintilla."[9] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10] "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[11] And the court may not reweigh the evidence or substitute its judgment for that of the ALJ.[12]

---

[6] *See* 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[7] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005).

[8] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153, ___ U.S. ___ (2019) (internal quotation marks omitted).

[9] *Id.* at 1154 (internal quotation marks omitted).

[10] *Id.* (internal quotation marks omitted).

[11] *Lax*, 489 F.3d at 1084 (internal quotation marks omitted).

[12] *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).

APPLICABLE LAW

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which is expected to result in death or last for at least twelve consecutive months.[13] An individual is considered disabled only if her impairments are so severe, she cannot perform her past work or "any other kind of substantial gainful work."[14]

In determining whether a claimant qualifies as disabled, the ALJ uses a five-step sequential evaluation, considering whether:

1) the claimant is engaged in substantial gainful activity;

2) she has a severe medically determinable physical or mental impairment;

3) the impairment is equivalent to an impairment precluding substantial gainful activity (listed in the appendix of the relevant disability regulation);

4) she has the residual functional capacity to perform past relevant work; and

5) she has the residual functional capacity to perform other work, considering her age, education, and work experience.[15]

---

[13] 42 U.S.C. § 423(d)(1)(A); *see also id.* § 1382c(a)(3)(A).

[14] *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

[15] *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).

The claimant has the burden, in the first four steps, of establishing disability.[16] At step five, the burden shifts to the Commissioner to show the claimant retains the ability to perform other work in the national economy.[17]

## PROCEDURAL HISTORY

Mr. H. applied for disability insurance benefits and supplemental security income on October 10, 2020.[18] He alleges he became disabled on February 21, 2020.[19] After an administrative hearing,[20] the ALJ issued a decision on May 12, 2022, finding Mr. H. not disabled and denying benefits.[21]

At step two of the sequential evaluation, the ALJ found Mr. H. had the severe impairments of degenerative disc disease, carpal tunnel syndrome, right ankle dysfunction status-post surgical fusion, migraine headaches with history of seizures, obesity, depression, and anxiety.[22] The ALJ also found Mr. H. had numerous nonsevere physical impairments.[23] At step three, the ALJ found these impairments did not meet or medically equal an impairment listing.[24]

---

[16] *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).

[17] *Id.*

[18] (*See* Tr. 15.)

[19] (*See id.*) Mr. H. initially alleged disability beginning on January 1, 2017, but later amended the alleged onset date to February 21, 2020. (*See id.*)

[20] (*See* Tr. 64–102.)

[21] (Tr. 15–50.)

[22] (Tr. 19.)

[23] (*See* Tr. 20–23.)

[24] (Tr. 23.)

The ALJ then found Mr. H. had the residual functional capacity ("RFC")[25] to perform light work with additional exertional and nonexertional limitations.[26]  As relevant here, the ALJ found Mr. H. was limited to performing "goal-oriented but not assembly line paced work" and could adapt to routine changes in the workplace.[27]  After considering the testimony of a vocational expert, the ALJ found Mr. H. capable of performing past relevant work as a radiology technician and college faculty member, as well as other jobs in the national economy.[28]  Therefore, the ALJ found Mr. H. not disabled and denied his claims.[29]

The Appeals Council denied Mr. H.'s request for review,[30] making the ALJ's decision final for purposes of judicial review.

## ANALYSIS

Mr. H. raises a single claim of error: he argues the ALJ erred by failing to limit him to "simple and some multi-step instructions" in the mental residual functional capacity

---

[25] A claimant's RFC is the most she can do in a work setting considering her limitations.  *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also* SSR 96-8p, 1996 SSR LEXIS 5, at *1–2 (July 2, 1996).  In assessing RFC, the ALJ considers "the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."  SSR 96-8p, 1996 SSR LEXIS 5, at *5.  The ALJ considers all relevant medical and other evidence in the record.  *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

[26] (Tr. 27.)

[27] (*Id.*)

[28] (Tr. 47–50.)

[29] (Tr. 50.)

[30] (Tr. 1–3.)

5

determination.[31] A consultative medical examiner, Dr. Tanya Colledge, included this limitation in a medical opinion.[32] Mr. H. contends the ALJ found the portion of the opinion addressing this limitation persuasive and, as a result, he was required to either include it in the RFC or explain its omission.[33] As described below, because the ALJ adequately explained his reasoning, applied the correct legal standards, and the RFC finding was supported by substantial evidence, the ALJ did not err in omitting this limitation from the RFC.

An ALJ is required to assess the persuasiveness of medical opinion evidence in assessing RFC, including explaining how he considers the supportability and consistency of medical opinions.[34] Social Security Ruling 96-8p provides: "If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted."[35] The failure to explain the omission of limitations from medical opinions which the ALJ finds persuasive is legal error requiring reversal.[36]

Here, the ALJ considered a medical opinion Dr. Colledge provided in August 2021, summarizing it as follows:

> Dr. Colle[d]ge opined that the claimant was capable of managing his finances. He was capable of leading a relatively independent life, with minimal supervision. He

---

[31] (Opening Br. 8, 10–16, Doc. No. 11.)

[32] (*See* Tr. 703.)

[33] (*See* Opening Br. 10–16, Doc. No. 11.)

[34] 20 C.F.R. §§ 404.1520c(b)(2), (c), 416.920c(b)(2), (c).

[35] SSR 96-8p, 1996 SSR LEXIS 5, at *20.

[36] *Parker v. Comm'r*, 922 F.3d 1169, 1172–73 (10th Cir. 2019).

6

is capable of potentially completing some basic work tasks. He had an impairment in his ability to tolerate stress. *He can generally remember simple, as well as some multi-step instructions.*[37]

The ALJ found Dr. Colledge's overall opinion "partially persuasive."[38] The ALJ noted that Dr. Colledge reviewed medical reports, interviewed Mr. H., and performed a mental status examination and Wechsler Memory Scale test—and Dr. Colledge supported her opinion with references to Mr. H.'s reported activities, examination findings, and her observations.[39] But he pointed out that although Mr. H. scored extremely low on the memory test, Dr. Colledge indicated the result was unreliable because it was "inconsistent with his presentation and mental status evaluation observations that he was able to engage in conversation, remember information, respond to questioning, and provide historical information."[40] The ALJ also noted that Dr. Colledge's opinion was "vague and did not identify the specific level of difficulty that [Mr. H.] would incur."[41]

Based on this, the ALJ indicated he accounted for the limitations within Dr. Colledge's opinion as follows:

> [T]he undersigned accounted for the limitation with tolerating stress with the limitation that the claimant could adapt to routine changes in the workplace. Furthermore, *due to the limitation that the claimant could perform simple and some multi-step instructions, the undersigned finds that this is consistent with a limitation to no assembly line paced work on account of his difficulties with concentrating and does not find this to be consistent with limitations in his ability to remember and understand on account of her observations and findings during testing.* The undersigned finds that these limitations are consistent with the evidence throughout

---

[37] (Tr. 38 (emphasis added) (citing Tr. 703).)

[38] (Tr. 38–39.)

[39] (Tr. 38.)

[40] (*Id.*)

[41] (Tr. 39.)

the record that demonstrated that the claimant had some notations of being distracted due to a combination of his mental impairments and medication and was noted to have some difficulty with insight and judgment, but otherwise demonstrated a normal memory and interactions with others as noted above.[42]

Mr. H. asserts the ALJ found the portion of the opinion regarding a limitation to "simple, as well as some multi-step instructions" persuasive, and that he erred by failing to either incorporate this limitation into the RFC or explain its omission.[43] However, the ALJ found Dr. Colledge's overall opinion only partially persuasive, and he made no finding that the specific portion of the opinion regarding a limitation to "simple, as well as some multi-step instructions" was fully persuasive. To the contrary, the ALJ explained he found this particular opined limitation "consistent with a limitation to no assembly line paced work on account of [Mr. H.'s] difficulties with concentrating," but inconsistent with "limitations in his ability to remember and understand on account of [Dr. Colledge's] observations and findings during testing."[44] Thus, the ALJ only partially credited the opinion regarding a limitation to simple and some multi-step instructions, and he explained that he accounted for it with a limitation to "no assembly line paced work."[45]

The ALJ's explanation is sufficient to permit the court to follow his reasoning and to determine appropriate legal principles have been followed.[46] The ALJ assessed the persuasiveness of Dr. Colledge's opinion and explained how he considered the factors of

---

[42] (*Id.* (emphasis added).)

[43] (*See* Opening Br. 8–16, Doc. No. 11.)

[44] (Tr. 39.)

[45] (*Id.*)

[46] *See Jensen*, 436 F.3d at 1165.

8

supportability and consistency, as required under agency regulations.[47]  He provided specific reasons for declining to fully adopt Dr. Colledge's opined limitations, including noting her opinion was vague, it failed to specify Mr. H.'s level of limitation, and the memory test results were unreliable.  He also specifically explained his omission of a limitation related to simple and multi-step instructions, indicating it was accounted for with a with a limitation to no assembly-line paced work but otherwise inconsistent with additional limitations.  Mr. H. has identified no authority requiring an ALJ to adopt a limitation from a medical opinion word-for-word under these circumstances, where the ALJ found the overall opinion only partially persuasive and explained his omission of the particular limitation at issue.

Further, the ALJ's mental RFC assessment is supported by substantial evidence.  The ALJ explained that additional limitations beyond those assessed were inconsistent with the record, noting Mr. H. was generally independent; he was able to care for his father and his dog; medical records throughout the relevant time period showed normal cognitive functioning, attention, memory, and fund of knowledge; and he was treated with conservative forms of care.[48]  The cited evidence is more than a "mere scintilla" and constitutes substantial evidence supporting the ALJ's RFC determination.[49]

---

[47] *See* 20 C.F.R. §§ 404.1520c(b)(2), (c), 416.920c(b)(2), (c).

[48] (Tr. 36–37.)

[49] *See Biestek*, 139 S. Ct. at 1154.

CONCLUSION

Because the ALJ applied the correct legal standards and his mental RFC findings are supported by substantial evidence, the ALJ did not err in omitting additional limitations from the RFC, and the Commissioner's decision is affirmed.

DATED this 22nd day of January, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge